10-4917-ag
Dharmaratne v. Holder

BIA
Straus, IJ
A094 816 655/656/657

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of August, two thousand twelve.

PRESENT:
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> *Circuit Judges.*[*]

_____

KESHARA ANURUDDHA DHARMARATNE, YAMUNA
SHANTHI WALPOLA, KESHYA KADHALI
DHARMARATNE,
> *Petitioners,*

> v.                                          10-4917-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

[*] The Honorable Roger J. Miner, originally a member of the panel, died on February 18, 2012. The two remaining members of the panel, who are in agreement, have determined the matter. See 28 U.S.C. 46(d); 2d. Cir. IOP E(b); United States v. Desimone, 140 F.3d 457 (2d Cir. 1998).

**FOR PETITIONERS:**        Glenn T. Terk, Wethersfield, Connecticut.

**FOR RESPONDENT:**        Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Christina Bechak Parascandola, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Keshara Anuruddha Dharmaratne, Yamuna Shanthi Walpola, and Keshya Kadhali Dharmaratne, natives and citizens of Sri Lanka, seek review of a November 8, 2010, decision of the BIA affirming the November 20, 2008, decision of Immigration Judge ("IJ") Michael W. Straus denying Keshara Anuruddha Dharmaratne's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Keshara Anuruddha Dharmaratne, Yamuna Shanthi Walpola, Keshya Kadhali Dharmaratne*, Nos. A094 816 655/656/657 (B.I.A. Nov. 8, 2010), *aff'g* Nos. A094 816 655/656/657 (Immigr. Ct. Hartford Nov. 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

2

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications, such as this one, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's adverse credibility determination. In finding Keshara not credible, the agency reasonably relied on inconsistencies between his asylum application, asylum interview, and hearing testimony regarding his claim that he was threatened by members of the Liberation Tigers of Tamil Eelam. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin*, 534 F.3d at 166-67. Moreover, a reasonable fact finder would not be compelled to credit Keshara's explanation for these inconsistencies. *See*

3

*Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  The agency also reasonably relied on implausible aspects of Keshara's testimony in reaching its adverse credibility determination.  *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

Accordingly, because Keshara based his claims for asylum, withholding of removal, and CAT relief on the same factual predicate that the agency found not credible, all of his claims necessarily fail.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4